983 F.2d 1055
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ARMCO, INCORPORATED, a corporation, Plaintiff-Appellant,
v.
UNITED POCAHONTAS COAL COMPANY, a corporation; National
Bulk Carriers, Incorporated, a corporation,
Defendants-Appellees.
 No. 92-1076.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 28, 1992
Decided: January 12, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Maurice G. Taylor, Jr., Magistrate Judge. (CA-83-5054-5)
 ARGUED: Donald Vincent O'Brien, O'Brien, O'Rourke, Hogan & McNulty, Chicago, Illinois, for Appellant.
 Sprague William Hazard, Steptoe & Johnson, Charleston, West Virginia, for Appellees.
 ON BRIEF: Michael Gilman, O'Brien, O'Rourke, Hogan & McNulty, Chicago, Illinois; David Thomas, Spilman, Thomas, Battle & Klostermeyer, Charleston, West Virginia, for Appellant.
 S.D.W.Va.
 Affirmed.
 Before ERVIN, Chief Judge, HALL, Circuit Judge, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 United Pocahontas Coal Company ("UPCC") contracted with Armco, Inc. to design and construct a tunnel and conveyor system to transport refuse away from UPCC's coal washing plant on Beury Mountain, West Virginia. Armco agreed, in a contract executed May 12, 1978, to complete the tunnel project within 365 days after receiving a "Notice to Proceed" from UPCC. A contract term inserted by Armco provided a bonus to Armco of $1,000 per day for each day the project was completed prior to the expiration of 365 days, and allocated liquidated damages to UPCC of $1,000 per day for each day the project was unfinished after the expiration of 365 days. Armco finished the project, but only after a delay of approximately two years, causing UPCC to impose the contract's liquidated damages provision and withhold $699,000.00 in damages from the agreed contract price.
 
 
 2
 Armco filed this diversity action to challenge the liquidated damages provision of the contract and consented to its resolution before a magistrate judge. See 28 U.S.C. § 636(c). The magistrate judge concluded that UPCC had withheld $79,673.44 improperly by omitting Armco's thirty-day grace period in its calculation of damages and by imposing unauthorized conditions on the release of a progress payment. Otherwise, the magistrate judge found no breach on the part of UPCC and left undisturbed the remaining $619,326.56 in liquidated damages withheld by UPCC.
 
 
 3
 Armco contends that the magistrate judge erroneously failed to strike the liquidated damages clause pursuant to Mitchell & McNeeley v. Davis, 80 S.E. 493 (W. Va. 1913). We find the Davis holding inapposite to this case. The Davis court held that a liquidated damages provision could not apply to two defaulting parties. Id. at 494. Because UPCC was not a defaulting party, the mutual culpable conduct that abrogated the liquidated damages clause in Davis is not present in this case. Therefore, we hold the magistrate judge's assessment that apportionment was not an issue in this case to be correct.
 
 
 4
 Armco asserts alternatively that the magistrate judge's findings of fact are erroneous. Our review of the record, the magistrate judge's findings of facts and conclusions of law, and the arguments of counsel discloses that this contention is without merit. The magistrate judge made an exhaustive review of the available evidence and articulated detailed support for his findings. Armco, Inc. v. United Pocahontas Coal Co., No. CA-83-5054-5 (S.D.W. Va. May 17, 1991). We find no grounds for disturbing the findings. Accordingly, we affirm.
 
 AFFIRMED